2010 ME 136

**GUARDIANSHIP OF DAVID C.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Dec. 1, 2010.

Decided: Dec. 23, 2010.

---

Hunter J. Tzovarras, Esq., Hampden, ME, Attorney for the mother and father.

Benjamin Fowler, Esq., Brewer, ME, Attorney for the guardians.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] The mother and father of David C., a three-year-old child, appeal from a judgment of the Penobscot County Probate Court (*Woodcock, J.*) denying their petition to terminate a previously-established guardianship for their son. The guardianship was established in May 2009 when, with the consent of the mother and father, the mother's brother and his girlfriend were granted full guardianship of David.

[¶ 2] The mother and father argue on appeal that, in applying 18–A M.R.S. § 5–212(d) (2009) (providing the procedure for termination of the guardianship of a minor), the court erroneously placed the burden on them to prove their parental fitness, rather than placing the burden on the guardians to prove parental unfitness. The parents also challenge certain of the court's factual findings as unsupported by sufficient record evidence. We vacate and remand for application of the proper burden of proof.

[¶ 3] Title 18–A M.R.S. § 5–212(d) was amended in 2005 to place the burden on the party seeking to terminate a guardianship to prove by a preponderance of the evidence, that, in the absence of the guardian's consent, termination of the guardianship is in the best interest of the ward. *See* P.L.2005, ch. 371, § 5 (effective Sept. 17, 2005). If the court does not terminate the guardianship after an initial petition to terminate the guardianship, it may dismiss future petitions to terminate the guardianship unless there has been a "substantial" change of circumstances. 18–A M.R.S. § 5–212(d).

[¶ 4] The statute does not expressly provide that the court must consider parental fitness in addition to considering the best interests of the ward when ruling on a parent's petition to terminate guardianship of his or her child. Because of the fundamental parental rights at issue, we recently held that a court must address parental fitness in guardianship termination pro-

ceedings, recognizing that "any decision ... limiting the right of a parent to physical custody of his child also affects his constitutionally protected liberty interest in maintaining his familial relationship with the child." *Guardianship of Jeremiah T.*, 2009 ME 74, ¶¶ 26–28, 976 A.2d 955, 962–63 (interpreting 18–A M.R.S.A. § 5–212(d) (1998)) (quotation marks omitted). We were not called upon in *Jeremiah T.* to reach the issue of which party bears the burden of showing parental fitness or unfitness pursuant to section 5–212(d) as currently in effect.

[¶ 5] We have, however, "consistently recognized, absent a showing of unfitness, parents' fundamental liberty interest with respect to the care, custody, and control of their children." *Guardianship of Jewel M.*, 2010 ME 80, ¶ 6, 2 A.3d 301, 303–04; *Guardianship of Jewel M.*, 2010 ME 17, ¶ 12, 989 A.2d 726, 729; *Guardianship of Jeremiah T.*, 2009 ME 74, ¶ 27, 976 A.2d at 962; *Rideout v. Riendeau*, 2000 ME 198, ¶ 18, 761 A.2d 291, 299; *see also Troxel v. Granville*, 530 U.S. 57, 65–66, 69, 72, 120 S.Ct. 2054, 147 L.Ed.2d 49 (2000).

■ [¶ 6] Because a parent has a fundamental right to parent his or her child, the burden of proving parental unfitness is generally on the non-parent party who is attempting to limit the parent's right. *See generally Guardianship of Jeremiah T.*, 2009 ME 74, ¶ 28, 976 A.2d at 963.

■ [¶ 7] We therefore clarify today that, although a parent seeking to terminate a guardianship in order to regain custody bears the burden of proving that termination is in his or her child's best interest pursuant to 18–A M.R.S. § 5–212(d), the party opposing the termination of the guardianship bears the burden of proving, by a preponderance of the evidence, that the parent seeking to terminate the guardianship is currently unfit to regain custody of the child. If the party

opposing termination of the guardianship fails to meet its burden of proof on this issue, the guardianship must terminate for failure to prove an essential element to maintain the guardianship. This rule applies whether the guardianship was initially established with the parents' consent, as occurred in this case, or otherwise.

[¶ 8] Because the matter must be remanded for reconsideration of the evidence, we need not reach the mother and father's arguments concerning the sufficiency of the evidence.

The entry is:

Judgment vacated and remanded for further proceedings consistent with this opinion.